**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL T. SPANGLER, | ) | No. 21 B 12581 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL T. SPANGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 A 167 |
| | ) | |
| CATHERINE M. BYRNE, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

**<u>MEMORANDUM OPINION</u>**

Before the court for ruling in this adversary proceeding are cross-motions for summary judgment on plaintiff Michael T. Spangler's complaint against defendant Catherine M. Byrne. Byrne is Spangler's former lawyer and a creditor in Spangler's chapter 13 case. She maintains she is a secured creditor because of judgments she obtained against Spangler for unpaid fees, judgments she recorded in Cook County, Illinois. Spangler has sued to contest the secured status of Byrne's claim. He argues that the judgments she recorded failed to meet Illinois statutory requirements for judgment liens, making her claim unsecured. Byrne disagrees.

Spangler has the better of the argument. For the reasons below, his motion for summary judgment will be granted and Byrne's motion denied. Judgment will be entered for Spangler finding Byrne's claim unsecured.

## 1. Jurisdiction

The court has subject matter jurisdiction of the bankruptcy case under 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a).  This is a core proceeding. 28 U.S.C. § 157(b)(2)(K); *see Porst v. Deutsche Bank Nat'l Trust Co. (In re Porst)*, 480 B.R. 97, 103 (Bankr. D. Mass. 2012) (chapter 13 debtor's adversary proceeding challenging creditor's secured status was core), *aff'd*, No. MW 12-080, 2013 WL 7118196 (B.A.P. 1st Cir. Nov. 20, 2013).

## 2. Background

### a. Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 56(a) (made applicable by Fed. R. Bankr. P. 7056), summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The court's task on summary judgment is to decide whether any material dispute of fact requires a trial.  *Gupta v. Melloh*, 19 F.4th 990, 996-97 (7th Cir. 2021).  These standards "remain unchanged on cross-motions for summary judgment."  *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017).  Each movant has an independent burden to show no there is no genuine issue of material fact, and he is entitled to judgment as a matter of law, *Wooten v. Taking Care of Our Seniors, Inc.*, No. 17 C 5570, 2022 WL 1663417, at *1 (N.D. Ill. May 25, 2022).

### b. Summary Judgment Procedure

To streamline summary judgment decisions, the bankruptcy court's local rules set out a

-2-

procedure similar to the one the district court employs. *See* L.R. 7056-1, 7056-2.[1/] The movant must submit a statement of facts consisting of short, numbered paragraphs with citations to evidence supporting each statement. L.R. 7056-1(B). The nonmovant must then respond to each statement, admitting or denying it, with references to evidence supporting a denial. L.R. 7056-2(A)(2)(a). The nonmovant may also submit a statement of additional facts, again with citations to supporting evidence. L.R. 7056-2(A)(2)(b). If he does, the movant may reply, admitting or denying each statement, with references to evidence supporting a denial. L.R. 7056-1(C).

Responding to a statement of facts should be straightforward. *Weltman v. Hakalir (In re Hakalir)*, Nos. 19 B 5093, 19 A 817, 2021 WL 3164786, at *2 (Bankr. N.D. Ill. July 26, 2021). The respondent can admit facts, deny facts (with references to supporting evidence), or suggest under Rule 56(d) that for specific reasons he cannot present essential facts. *Id.* The respondent can also object that evidence supporting a particular fact is inadmissible. *Id.* But "[t]here are no other options." *Id.* (internal quotation omitted). Responses of any other kind admit the facts asserted. *Id.*; *see also* L.R. 7056-1(C), 7056-2(B).

### c. Facts

The material facts come from the parties' statements of fact and responses under L.R. 7056-1 and 7056-2, from the parties' pleadings, and as needed to produce a coherent narrative, from other materials in the record, particularly Byrne's proof of claim, Fed. R. Civ. P. 56(c)(3);

---

[1/] In their statements of fact and responses, both sides refer to "Local Rule 56.1." Local Rule 56.1 is a district court local rule. The bankruptcy court has its own local rules that "govern procedure in the bankruptcy court," L.R. 1000-2(A), including local rules for summary judgment motions, *see* L.R. 7056-1, 7056-2. The district court's local rules apply in the bankruptcy court and in bankruptcy cases only when those rules or the bankruptcy court's local rules say they do. L.R. 1000-2(C). No local rule of either court says Local Rule 56.1 applies to summary judgment motions in bankruptcy matters.

*see, e.g., Ayazi v. United Fed'n of Teachers Local 2*, 487 F. App'x 680, 681 (2d Cir. 2012) (on summary judgment a court can consider record evidence " not specifically cited" in the parties' papers).  No facts are disputed.

In 2016, Michael Spangler brought a dissolution of marriage action against his wife in Illinois state court.  (Compl. ¶ 6 and Ex. A; Answer ¶ 6; *see* Proof of Claim No. 1-1, Ex. 1). Catherine Byrne is an Illinois lawyer.  (D. L.R. 7056-2(A)(2)(b) Stmt. of Add'l Facts, Aff. of C. Byrne, ¶ 2, Adv. Dkt. No. 37).  Byrne represented Spangler in the action.  (*Id.*, ¶ 4).

In October 2019, the state court entered a "consent judgment for attorney's fees" awarding Byrne $79,796.64 against Spangler.  (Proof of Claim No. 1-1, Ex. 1).  Several months later, the state court entered a second "consent judgment for attorney's fees" awarding Byrne another $17,012.50 against Spangler.  (*Id.*).

In November 2019, Byrne recorded with the Cook County Recorder of Deeds a document entitled "Claim of Lien."  (D. L.R. 7056-2(A)(2)(a) Resp. ¶ 12, Adv. Dkt. No. 40; Proof of Claim No. 1-1, Ex. 1).  Attached to the document was an uncertified photocopy of the October 2019 judgment. (*Id.*).  The copy bore the signatures of the parties showing their agreement to its entry, but no signature appeared on the signature line for the judge.  (D. L.R. 7056-2(A)(2)(a) Resp. ¶ 13, Adv. Dkt. No. 40; Proof of Claim No. 1-1, Ex. 1).[2]  Below the blank signature line

---

[2]      Spangler's statement of facts asserts that the October judgment "is neither certified by the Clerk of the Circuit Court of Cook County nor signed by a judge."  (P. L.R. 7056-1(A) Stmt. ¶ 12, Adv. Dkt. No. 24).  Byrne denies that statement in her response, but the evidence she cites does not support the denial (D. L.R. 7056-2(A)(2)(a) Resp. ¶ 13, Adv. Dkt. No. 40), and so she admits the facts asserted, L.R. 7056-2(A)(2)(a), (B); *see, e.g., Weltman*, 2021 WL 3164786, at *2.  Rather than cite evidence supporting her denial, Byrne declares that "the order[ ] meet[s] the requirements . . . for the purposes of perfecting a judgment lien."  (D. L.R. 7056-2(A)(2)(a) Resp. ¶ 13, Adv. Dkt. No. 40).  But that is a legal argument, not a factual statement.  Legal arguments are not permissible responses. *Harris v. Spradley*, No. 18 C 7993, 2022 WL 204370, at *1 n.4 (N.D. Ill. Jan. 24, 2022).

was a partial ink stamp with an October 2019 date and the words "Circuit Court – 1878."  (Proof

of Claim No. 1-1, Ex. 1).  The top portion of the stamp was illegible.  (*Id.*).  Overlapping the

stamp was an unidentified handwritten mark.  (*Id.*).

In February 2020, Byrne recorded with the Cook County Recorder of Deeds a second

document entitled "Claim of Lien."  (D. L.R. 7056-2(A)(2)(a) Resp. ¶ 11, Adv. Dkt. No. 40;

Proof of Claim No. 1-1, Ex. 1).  Attached was an uncertified photocopy of the February 2020

judgment.  (*Id.*).  The copy bore the signatures of the parties showing their agreement, but once

again no signature appeared on the signature line for the judge.  (D. L.R. 7056-2(A)(2)(a) Resp.

¶ 13, Adv. Dkt. No. 40; Proof of Claim No. 1-1, Ex. 1).[3]  Below the blank signature line was a

stamp with the date "Feb 11 2020" and "Circuit Court – 1878."  (Proof of Claim No. 1-1, Ex. 1).

Above the date was the word "Judge," but the name following "Judge" was illegible.  (*Id.*).[4]

In November 2021, Spangler filed a chapter 7 bankruptcy case later converted to a case

under chapter 13.  After conversion, Byrne filed a proof of claim.  Her proof of claim asserts a

secured claim of $85,217.87 for the unpaid attorney's fees, with the secured status based on the

---

[3]      Spangler's statement of facts asserts that the February judgment, like the October
judgment, was "neither certified by the Clerk of the Circuit Court of Cook County nor signed by
a judge."  (P. L.R. 7056-1(A) Stmt. ¶ 12, Adv. Dkt. No. 24).  To this statement, Byrne offers the
same unsupported denial (D. L.R. 7056-2(A)(2)(a) Resp. ¶ 13, Adv. Dkt. No. 40) and so admits
the facts asserted, L.R. 7056-2(A)(2)(b), (B); *see, e.g., Weltman*, 2021 WL 3164786, at *2.  That
the two judgments are uncertified and unsigned is evident from the documents themselves, both
of which are attached to Byrne's proof of claim.  (Proof of Claim No. 1-1, Ex. 1).

[4]      Byrne's statement of facts asserts that the two judgments are "valid final accurate
judgment orders [*sic*] entered by the Circuit Court of Cook County," and their form is
"consistent with" orders that court enters.  (D. L.R. 7056-1(A) ¶¶ 30-31, Adv. Dkt. No. 28).
Spangler's response denies these statements without citing evidence in support (P. L.R. 7056-
2(A) Resp. ¶¶ 30-31, Adv. Dkt. No. 38), so he admits the facts asserted, L.R. 7056-2(A)(2)(b),
(B); *see, e.g., Weltman*, 2021 WL 3164786, at *2.  But the facts admitted are not material.  The
validity and accuracy of the judgments are not at issue here.  Neither is the Cook County court's
practice (detailed in Byrne's affidavit) of giving parties file-stamped copies of entered orders
without the judge's signature.

recorded judgments.

Spangler then filed this adversary proceeding contesting the secured status of Byrne's claim. *See* Fed. R. Bankr. P. 7001(2) (stating that an adversary proceeding includes "a proceeding to determine the validity, priority, or extent of a lien"). In his complaint, Spangler alleged that the judgments Byrne recorded failed to meet the requirements under Illinois law for the creation of judgment liens. Byrne moved to dismiss the complaint for failure to state a claim, but her motion was denied. (Adv. Dkt. No. 12).[5] Byrne then answered and asserted affirmative defenses.

Both sides now cross-move for summary judgment.[6]

### 3. Discussion

Spangler's motion will be granted. As he correctly argues, the judgments Byrne recorded did not create judgment liens. Her claim in the chapter 13 case is therefore unsecured. Byrne's cross-motion, premised largely on a misunderstanding of Spangler's claim, will be denied.

---

[5]     Byrne moved for judgment on the pleadings rather than dismissal, but the motion was premature because she had not yet answered the complaint. Fed. R. Civ. P. 12(c) (made applicable by Fed. R. Bankr. P. 7012(b)). The motion was construed as a motion to dismiss under Rule 12(b)(6). *See Seber v. Unger*, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1995).

[6]     To support her cross-motion, Byrne offers a host of detail about Spangler's income, the value of his assets, his Chicago residence, the mortgages on the residence (including one his mother holds), and the residence's value. (*See* D. L.R. 7056-1(A) Stmt. ¶¶ 9-22, Adv. Dkt. No. 28). Although Spangler does not dispute most of these facts (*see* P. L.R. 7056-2(a)(2)(a) Resp. ¶¶ 9-10, 12-21, Adv. Dkt. No. 38), this decision omits them because summary judgment concerns "material" facts, Fed. R. Civ. P. 56(a), and Byrne's facts are not material. The only question the parties' pleadings raise is whether Byrne's claim is unsecured. The answer to that question depends on the judgments Byrne recorded, not on Spangler's income, assets, and other financial obligations. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2725.1 at 429 (2016) ("A fact is material if it tends to resolve any of the issues that have been properly raised by the parties.").

### a. Spangler's Motion

The judgments Byrne recorded did not create judgment liens because they did not meet Illinois statutory requirements for judgment liens.

At common law, a judgment imposed no lien on the judgment debtor's real property. *Blewitt v. Urban*, 146 N.E.3d 848, 855 (Ill. App. Ct. 3d Dist. 2020); *Maniez v. Citibank, F.S.B.*, 383 Ill. App. 3d 38, 41, 890 N.E.2d 662, 665 (1st Dist. 2008). Judgment liens in Illinois are "purely a statutory creation," *Maniez*, 383 Ill. App. 3d at 41, 890 N.E.2d at 665; *Dunn v. Thompson*, 174 Ill. App. 3d 944, 947, 529 N.E.2d 297, 299 (4th Dist. 1988), "in derogation of the common law," *Blewitt*, 146 N.E.3d at 855; *Schindler v. Watson*, 73 N.E.3d 1197, 1200 (Ill. App. Ct. 2d Dist. 2017).

Section 12-101 of the Illinois Code of Civil Procedure is the statute permitting a judgment to impose a lien. It says that "a judgment is a lien on the real estate of the person against whom it is entered in any county in this State . . . only from the time a transcript, certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located." 735 ILCS 5/12-101 (2018). These statutory requirements are "specific." *Maniez*, 383 Ill. App. 3d at 41, 890 N.E.2d at 665; *Northwest Diversified, Inc. v. Desai*, 353 Ill. App. 3d 378, 386, 818 N.E.2d 753, 760 (1st Dist. 2004). Because they are, Illinois courts demand strict compliance with them. *See Blewitt*, 146 N.E.3d at 855; *Schindler*, 73 N.E.3d at 1200 ("[S]trict statutory compliance is . . . required.").

The judgments Byrne recorded did not comply with section 12-101 because in neither instance did she record a "transcript," a "certified copy . . . of the judgment," or a "memorandum of the judgment." She recorded as an attachment to each "Claim of Lien" a mere photocopy of the judgment, nothing more.

The photocopied judgments, first of all, were not "transcripts" of the judgments.  The meaning of "transcript of judgment" is obscure.  Although the phrase has appeared often in Illinois decisions for well over a century, *see, e.g., Cramer v. Bode*, 24 Ill. App. 219, 223 (4th Dist. 1887) (observing that "a transcript of the judgment" had been filed), no Illinois statute, rule, or decision defines the term.[7/]  Courts elsewhere have noted the same problem in the law of other states.  *See, e.g., Miller v. Snavely (In re Snavely)*, 314 B.R. 808, 816 n.8 (B.A.P. 9th Cir. 2004) (discussing Montana law).  For current purposes, though, it is enough that Byrne does not claim to have a recorded a "transcript of judgment."

The photocopied judgments were also not "certified cop[ies]."  Section 8-1202 of the Code of Civil Procedures says that a certified copy of an Illinois court record is one "certified under the signature of the clerk having the custody thereof, and the seal of the court, or by the judge of the court if there is no clerk."  735 ILCS 5/8-1202 (2018).  Certification under this provision is a form of authentication.  *Morrow v. Westphal*, 167 Ill. App. 3d 433, 437, 521 N.E.2d 283, 286 (3d Dist. 1988).  Neither of Byrne's judgments bore the clerk of court's certification (along with the clerk's signature and court seal) that the judgment is authentic.  Byrne does not claim she recorded certified copies of the judgments either.

Nor were the photocopied judgments – and this is the parties' real bone of contention – "memorand[a]" of the judgments.  Section 12-101 defines "memorandum" as "a memorandum or

---

[7/]      *Reconstruction Fin. Corp. v. Maley*, 125 F.2d 131 (7th Cir. 1942), comes as close as any decision to explaining what a "transcript of judgment" might be under Illinois law.  The district court in *Maley* had held that the certified copy of the plaintiff's judgment "was not a transcript of judgment" under a different Illinois statute.  *Id.* at 133.  The court of appeals at first disagreed, declaring that "the certified copy of judgment met the Illinois requirement as to a transcript of judgment."  *Id.*  But the court did not say what that "requirement" was, later found it "unnecessary to decide [the] question," and so "assume[d], without deciding, that the certified copy . . . was a transcript of the judgment."  *Id.*

copy of the judgment signed by a judge or a copy attested by the clerk of the court entering it and

showing the court in which entered, date, amount, number of the case in which it was entered,

name of the party in whose favor and name and last known address of the party against whom

entered." 735 ILCS 5/12-101 (2018). Neither of Byrne's judgments was "signed by a judge" or

"attested by the clerk." The judgments bore no judge's signature, and the clerk did not attest to

their authenticity. At most, the judgments had a stamp, presumably from a deputy clerk, with a

date. A stamped judgment with neither the judge's signature nor the clerk's attestation does not

satisfy section 12-101. *Rivtis v. Turan*, 208 N.E.3d 496, 502-05 (Ill. App. Ct. 2d Dist. 2022).

Byrne, though, disagrees. Citing *First Nat'l Bank of Mt. Zion v. Fryman*, 236 Ill. App. 3d

754, 602 N.E.2d 876 (4th Dist. 1992), she argues that Illinois law does not require a judgment to

bear the judge's signature for the judgment to create a lien. (D. Mot. at 8-9, Adv. Dkt. No. 20).[8]

True, *Fryman* held that a certified docket entry reflecting entry of a judgment is a

"memorandum" of the judgment under section 12-101. *Fryman*, 236 Ill. App. 3d at 758, 602

N.E.2d at 879. "A memorandum of judgment," *Fryman* said, "does not need a signature of a

judge; only a copy of the judgment itself need be signed by a judge." *Id. Fryman* apparently

reached that conclusion by reading the statutory phrase "a memorandum or copy of the judgment

signed by a judge" to mean that only "a copy of the judgment" must be "signed by a judge," not

---

[8]      Byrne's response to Spangler's position is paltry, taking up just two pages of her motion. Byrne purports to "reiterate[ ] and incorporate[ ]" the arguments from her Rule 12(c) motion and reply (*id.* at 3 n.1), but incorporating arguments from another brief is a serious litigation sin, *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 924 (7th Cir. 2012); *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("[I]ncorporation is a pointless imposition on the court's time. A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."). Arguments incorporated by reference but not made and developed are forfeited. *United States v. Orrego-Martinez*, 575 F.3d 1, 8 (1st Cir. 2009); *United States v. Williams*, 218 F. Supp. 3d 730, 741 (N.D. Ill. 2016). Only the arguments in Byrne's summary judgment papers will be addressed. The rest have been forfeited.

"a memorandum of the judgment."  *Id.*

As *Rivtis* explains at length, though, *Fryman* misread the statute.  *Rivtis* 208 N.E.3d at 504 (stating that "*Fryman* was incorrect on this point").  The phrase "signed by a  judge" in section 12-101 "modifies *both* a 'copy of the judgment' and 'memorandum'" so that *both* must bear either a judge's signature or the clerk's attestation.  *Id.* at 503 (emphasis added).  The *Fryman* reading – that "signed by a judge" modifies only "copy of the judgment" – produces "three absurd results."  *Id.*  The statutory definition becomes a tautology, defining "memorandum" simply as "a memorandum."  *Id.*  The reading eliminates "or" between "memorandum" and "copy of a judgment" and replaces it with a comma, "distort[ing] the text."  *Id.*  And the statutory requirement of either a signature or an attestation suggests a legislative concern with "authenticity," a concern the *Fryman* reading defeats.  *Id.*

Byrne does not question *Rivtis*'s reasoning but dismisses the decision because the judgment in *Rivtis* was not final, and the judgments here were.  (D. Mot. at 9, Adv. Dkt. No. 20).  Byrne is right that the *Rivtis* judgment was not final.  *See Rivtis*, 208 N.E.3d at 504.  But the lack of finality merely provided another basis for the decision's conclusion that the document at issue was not a "memorandum" – "another proverbial fly in the ointment," *Rivtis* said.  *Id.*  And even if the rest of the decision is indeed dicta, its grammatical analysis of the statutory definition and its criticism of *Fryman* are convincing.  Byrne offers no alternative analysis of her own.

Byrne next abandons the text of section 12-101, contending that "a technical reading of the statute" is irrelevant.  (D. Mot. at 8, Adv. Dkt. No. 20).  "Strict compliance" with the statute is unnecessary, she says, as long as the statutory purpose – notice to potential claimants – is fulfilled.  (*Id.* at 8-9); *see Fryman*, 236 Ill. App. 3d at 759, 890 N.E.2d at 879 (stating that "[a] memorandum of judgment is a notice document").

-10-

Byrne's argument ignores established rules for interpreting Illinois statutes. When statutory language is clear, Illinois courts have said, it must be given effect without resorting to other interpretive aids. *Sharpe v. Westmoreland*, 181 N.E.3d 673, 677 (Ill. 2020). Only when a statute is *un*clear can the legislative purpose be considered. *See In re Marriage of Goesel*, 102 N.E.3d 230, 235 (Ill. 2017) ("If the meaning . . . is unclear . . . , the court may consider the purpose behind the law"); *Gruszeczka v. Illinois Workers' Comp. Comm'n*, 992 N.E.2d 1234, 1238 (Ill. 2013) (same). Otherwise, courts may not depart from clear statutory language to find "'exceptions, limitations, or conditions'" not expressed in the statute itself. *Maddux v. Blagojevich*, 233 Ill. 2d 508, 517, 911 N.E.2d 979, 985 (2009) (quoting *County of Knox ex rel. Masterson v. The Highlands, L.L.C.*, 188 Ill. 2d 546, 556, 723 N.E.2d 256, 263 (1999)).

Section 12-101 is clear on its face; Byrne does not contend otherwise. Byrne's policy argument would read out of section 12-101 the "signed-by-a-judge" requirement in the statute's definition of "memorandum" and read in a notice exception allowing a lien to arise as long as a judgment contains enough information. Because section 12-101 is clear, and because strict compliance with its requirements is required, Illinois courts have rejected "notice" arguments like Byrne's and declined invitations to depart from the statutory text. *See, e.g., Blewitt*, 146 N.E.3d at 856-58; *Maniez*, 383 Ill. App. 3d at 42-44, 890 N.E.2d at 665-67.

Finally, Byrne raises a procedural point in opposition to Spangler's motion. In her answer, Byrne asserted five affirmative defenses to the complaint. Because Spangler did not address the defenses in his motion, and because (Byrne says) he had the burden of disproving them, his motion must be denied for that reason alone. (D. Resp. at 1, Adv. Dkt. No. 34).

Byrne is mistaken for two reasons. First, the burden of proof on an affirmative defense belongs to the party raising it. *See, e.g., Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475

(7th Cir. 2009); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Because Byrne asserted the defenses, the burden of proving them was hers. It was not Spangler's burden to *disprove* them. In moving for summary judgment, Spangler implicitly contended he was entitled to judgment on the affirmative defenses; the burden then fell to Byrne to argue her defenses in her response. *Bakov v. Consolidated World Travel, Inc.*, No. 15 C 2980, 2020 WL 10963926, at *2 (N.D. Ill. Apr. 21, 2020); *Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 886 (N.D. Ill. 2014); *contra, Navistar Int'l Transp. Corp.*, No. 96 C 6922, 1998 WL 786388, at *1 (N.D. Ill. Nov. 6, 1998). Byrne's response nowhere mentions her defenses – except to suggest incorrectly that Spangler had the burden of negating them.

Second, most of Byrne's defenses are not affirmative defenses in any event. An "affirmative defense" takes the form of the old common law plea in confession and avoidance. *Gwin v. Curry*, 161 F.R.D. 70, 71 (N.D. Ill. 1995). It "assumes the plaintiff can prove its factual allegations" and then "raises additional facts or legal arguments that defeat liability nonetheless." *E.E.O.C. v. Mach Mining, LLC*, 738 F.3d 171, 184 (7th Cir. 2013), *vacated on other grounds*, 575 U.S. 480 (2015); *accord Reis Robotics USA, Inc. v. Concept Indus. Inc.*, 462 F. Supp. 2d 897, 906 (N.D. Ill. 2016); *Sloan Valve Co v. Zurn Indus., Inc.*, 712 F. Supp. 2d 743, 756 (N.D. Ill. 2010).

Four of the five defenses do not fit this definition. The first, failure to state a claim, is not an affirmative defense. *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 888 (N.D. Ill. 2018); *Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1041 (N.D. Ill. 2014). (Failure to state a claim is a defense, just not an affirmative one. *Brass v. Dunlap*, No. 09 C 6873, 2012 WL 5964591, at *2-3 (N.D. Ill. Nov. 28, 2012).) And the defense would go nowhere even if it were: Byrne's Rule 12(c) motion was denied because Spangler's

complaint does state a claim.

The second defense, that Spangler lacks standing to pursue the adversary proceeding, also is not an affirmative defense. *OrthoPediatrics Corp. v. Wishbone Med., Inc.*, No. 3:20-CV-929-JD-MGG, 2022 WL 4529382, at \*3 (N.D. Ind. Sept, 28, 2022); *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 973 F. Supp. 2d 842, 847 (N.D. Ill. 2014).  That is because standing is jurisdictional; the plaintiff, not the defendant, has the burden of pleading and proving it. *Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003).

The third and fourth defenses are not affirmative defenses either.  The third asserts that the relief Spangler wants is not "for the benefit of the estate under 11 U.S.C. § 550(a)."  But section 550(a) is irrelevant because Spangler is not asking to avoid a transfer.  And if Spangler's claim been an avoidance claim, showing that recovery was "for the benefit of the estate" would an element of his claim. *Scully v. Danzig (In re Valley Food Servs., LLC)*, Nos. 06-50038, 08-4013, 2008 WL 5423495, at \*3 (Bankr. W.D. Mo. Dec. 23, 2008).  Byrne's third defense, then, denies an element of what she takes to be Spangler's claim.  A defense that denies the plaintiff's claim is not an affirmative defense. *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016).  As for the fourth affirmative defense – "[n]either . . . §105 nor §502 authorize[s] the relief sought" – that is just another way of saying the complaint fails to state a claim and so is also not an affirmative defense. *Kenall Mfg.*, 354 F. Supp. 3d at 888.[9/]

Only Byrne's fifth defense, asserting that Spangler's claim is "barred by laches and

---

[9/]      Just as Spangler is not trying to avoid and recover a transfer, he is not objecting to Byrne's claim under section 502(b) of the Bankruptcy Code.  His complaint asks neither to disallow Byrne's claim nor determine its amount to be something other than the amount her proof of claim contains.  Byrne can be forgiven for believing otherwise, though, since Spangler mistakenly (and needlessly) alleges that "[t]he statutory predicates for the relief requested are §§105(a) and 502 of the United States Bankruptcy Code."  (Compl. ¶ 3).

unclean hands," is conceivably an affirmative defense to the claim.[10/]  But Byrne alleged the

defense improperly as a bald legal conclusion with no factual support.  *See Heller Fin., Inc. v.*

*Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (noting that affirmative defenses

cannot consist of "bare bones conclusory allegations").  Rather than amend her answer to allege

supporting facts, Byrne agreed to waive the defense.  (Adv. Dkt. No. 51).

Because the judgments Byrne recorded failed to satisfy section 12-101, their recording

did not create judgment liens.  Spangler's motion for summary judgment will be granted.

### b. Byrne's Motion

Often (though not always), cross-motions for summary judgment are mirror images, with

each side asserting a right to judgment on the same claim.  One might have expected mirror-

image motions here:  the few material facts are undisputed, and the parties differ on a single

legal question.  Rather than tackle that question in her motion, though, Byrne takes a different

approach.  She assails a claim Spangler hasn't brought and seems to challenge confirmation of

his plan.  Since these arguments are irrelevant, her motion for summary judgment will be denied.

Byrne first insists she should receive summary judgment because "there is no basis to

avoid her liens."  (D. Mot. at 4, Adv. Dkt. No. 20).  She notes that section 550(a) permits the

recovery of property from an avoided lien (or other transfer) only "for the benefit of the estate."

11 U.S.C. § 550(a).  "Absent benefit to the estate," she says," lien avoidance is not allowed," and

the record shows no benefit to the estate from avoiding her lien.  (D. Mot. at 6, Adv. Dkt. No.

20).

---

[10/]      How laches or unclean hands could bar Spangler's claim is hard to figure, but
these are at least legal doctrines customarily raised as affirmative defenses.  *See* Fed. R. Civ. P.
8(c)(1) (made applicable by Fed. R. Bankr. P. 7008) (laches); *Banister v. Firestone*, No. 17 C
8940, 2018 WL 4224444, at *5 (N.D. Ill. Sept. 5, 2018) (unclean hands).

The problem with Byrne's argument is that Spangler is not asking to "avoid" her judgment liens. An avoidance action accepts the existence of a transfer or lien and then advances some reason under chapter 5 of the Bankruptcy Code for setting it aside or invalidating it. Charles Jordan Tabb, *Law of Bankruptcy* § 6:1 at 470 (5th ed. 2020); *see also In re Mayes*, 294 B.R. 145, 150 (B.A.P. 10th Cir. 2003) ("A successful lien avoidance action effectively divests a creditor of its lien . . . ."). Spangler's adversary proceeding does not accept Byrne's judgment liens and then allege that under the Code they must be set aside or invalidated. Spangler's position is that under Illinois law, the judgment liens never arose in the first place. In his view, there *are* no liens. For that reason Byrne's claim is unsecured, not secured. A request from Spangler to "avoid" the liens would have been pointless. *See In re Chinosorn*, 243 B.R. 688, 694 (Bankr. N.D. Ill.), *rev'd on other grounds*, 248 B.R. 324 (N.D. Ill. 2000).

Undaunted, Byrne tries to hold Spangler to his statement in his proposed chapter 13 plan that "[d]ebtor will avoid the purported judicial liens of Catherine Byrne." (Plan § 8.1, Bankr. Dkt. No. 55). Byrne suggests that the statement is a binding judicial admission. (D. Resp. at 5, Dkt. No. 20). She also suggests that the doctrine of judicial estoppel bars Spangler from taking a different position now. (*Id.*).[11]

Byrne is wrong on both counts. The statement was not a judicial admission. Judicial admissions are "formal concessions in the pleadings, or stipulations by a party or its counsel." *Nelson v. City of Chi.*, 810 F.3d 1061, 1074 n.6 (7th Cir. 2016). Spangler's statement appears in neither a pleading nor a stipulation. It appears in a plan – and an unconfirmed plan at that, one subject to modification any time before confirmation. 11 U.S.C. § 1323(a). What is more, the

---

[11]    Suggests, because each argument is simply tossed off in a sentence and never developed. Undeveloped arguments like these are usually forfeited. *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).

plan was filed in Spangler's bankruptcy case, not in the adversary proceeding.  Statements made in one proceeding are not judicial admissions in another.  *Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981); *see, e.g., Oak Mill Enters. 2000, Inc. v. Knopfler (In re Schraiber)*, 141 B.R. 1000, 1006-07 (Bankr. N.D. Ill. 1992) (statement in a motion filed in a bankruptcy case was not a judicial admission in an adversary proceeding filed in the case).

The statement also has no judicial estoppel effect.  Judicial estoppel bars a party from taking a position in litigation when the party has taken a contrary position and prevailed.  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *CSI Worldwide, LLC v. Trumpf, Inc.*, 944 F.3d 661, 662-63 (7th Cir. 2019).  Assuming Spangler's statement about intending to "avoid" the liens can be called a "litigation position," he has not prevailed on it because his plan has not been confirmed.  Until a chapter 13 plan is confirmed, it binds no one.  *In re Pfetzer*, 586 B.R. 421, 427 (Bankr. E.D. Ky. 2018).  The plan "merely represents a proposal."  *In re Wood*, No. 18-52419-PMB, 2019 WL 994573, at *3 n.13 (Bankr. N.D. Ga. Feb. 27, 2019).[12/]

Finally, Byrne argues that Spangler's plan is unconfirmable because he must pay her claim in full, secured or not.  That is so, she says, because Spangler's Chicago residence is "worth $575,000[,] . . . more than all filed claims ($414,973.42)."  (Reply at 2, Dkt. No. 43; *see also id.* at 4).

What Byrne is getting at is anyone's guess.  Perhaps Byrne means to suggest that because Spangler must pay all creditors in full (Byrne included) no matter what, this adversary proceeding is moot.  But if so, she has not shown that Spangler must pay all creditors in full.

---

[12/]     Once a plan is confirmed, moreover, section 1327(a) of the Code makes the plan binding, 11 U.S.C. § 1327, not judge-made doctrines like judicial estoppel or preclusion, Keith M. Lundin, *Lundin on Chapter 13*, § 120.2, at ¶ 4, LundinOnChapter13.com (last visited Aug. 29, 2023).

She says he must because his residence's value exceeds the total claims in the case, but that calculation bears no resemblance to the way a debtor's chapter 13 plan payments are determined. A debtor's plan obligations depend not only on estate property, creditor claims, and the debtor's goals, but also on sections 1322 and 1325 (and in some cases 707(b)) of the Code.  1 W. Homer Drake, Jr., Paul W. Bonapfel & Adam M. Goodman, *Chapter 13 Practice & Procedure* § 3:1 at 105 (2d ed. 2023).  If Byrne believes the treatment of her claim in Spangler's plan is impermissible, she can object to confirmation – and in fact she has (*see* Bankr. Dkt. No. 62).  But without a far more sophisticated analysis, she has not come close to showing this matter is moot.

Because Byrne has not shown that the undisputed material facts warrant judgment in her favor on the only legal issue here – whether the judgments she recorded created judgment liens under Illinois law – her motion for summary judgment will be denied.

### 4.  Conclusion

The motion of plaintiff Michael T. Spangler for summary judgment on the adversary complaint is granted.  The cross-motion of defendant Catherine M. Byrne for summary judgment is denied.  Byrne's claim in Spangler's chapter 13 case is unsecured.  A separate order and Rule 7058 judgment will be entered consistent with this opinion.

Dated: September 5, 2023

_____
A. Benjamin Goldgar
United States Bankruptcy Judge